**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
------------------------------------------------------------------------X
JAMES CRUMP,

                                    Plaintiff,

              -against-


METASOURCE, LLC;
METASOURCE, LLC, d/b/a METASOURCE; and,
DAVID BRODECKI, *individually*.

                                    Defendants.

------------------------------------------------------------------------X

Civil Action No.:
2:18-cv-03313

**Plaintiff's Memorandum
of Law in Opposition to
Defendants' Motion to
Compel Arbitration**

---

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO COMPANY
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO COMPEL
ARBITRATION AND DEFENDANT BRODECKI'S MEMORANDUM IN SUPPORT OF
COMPANY DEFENDANTS' MOTION TO COMPEL ARBITRATION

---

DEREK T. SMITH LAW GROUP, PLLC
Attorneys for Plaintiff
Samuel C. Wilson, Esq.
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790

Samuel C. Wilson, Esq.., an attorney duly admitted to practice law before the District Court of the federal district court, Eastern District of Pennsylvania hereby sets forth the following in opposition to Defendants', METASOURCE, LLC, and METASOURCE, LLC d/b/a METASOURCE's Motion to Dismiss Plaintiff's Complaint and to Compel Arbitration.  The opposition is also in response to Defendant's, David Brodecki, individually, Memorandum of Law in Support of company Defendants' Motion to Dismiss Plaintiff's Complaint and to Compel Arbitration.

I am an attorney with the Derek Smith Law Group PLLC, attorneys of record for the Plaintiff herein. As such, I am fully familiar with the facts and circumstances of this matter based on a review of the documentation contained in the file maintained by this office, which I believe to be true.

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND TO STRIKE PLAINTIFF'S JURY TRIAL DEMAND**

Plaintiff James Crump, by and through his attorneys, DEREK SMITH LAW GROUP, PLLC, respectfully submit this Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint and to Compel Arbitration.

## I. INTRODUCTION

Defendants' Motion to Dismiss Plaintiff's Complaint and to Compel Arbitration should be denied.  Based on the evidence of record, Plaintiff can establish the following:

1)      The arbitration agreement that Plaintiff executed is invalid.

2)      The arbitration agreement executed by the parties constitutes an illusory contract.

3)      Plaintiff did not have adequate consideration to enter into the arbitration agreement.

For the reasons set forth, the arbitration agreement is not a valid contract and Plaintiff's Complaint should not be dismissed or removed to arbitration.

## II. PROCEDURAL HISTORY

Plaintiff filed against Defendants on Monday, August 6, 2018. *See Doc*. 1.  In the Complaint Plaintiff makes claims for damages he suffered as a result of sex/gender discrimination, sexual harassment, hostile work environment and constructive termination in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), and 43 P.S. §§ 951, *et. seq.* ("PHRA"). *See Doc*. 1. Company Defendants filed a Motion to Dismiss Plaintiff's Complaint and to Compel Arbitration on October 2, 2018. Individual Defendant, David Brodecki, filed a Memorandum of Law in Support of the Company Defendants' motion on October 10, 2018.  Individual Defendant Brodecki then filed a Motion to

Dismiss Plaintiff's Complaint and to Compel arbitration. Plaintiff now files this Memorandum of Law in Opposition to Defendant Brodecki's motion to dismiss Plaintiff's complaint and to compel arbitration.

## IV. <u>LEGAL ARGUMENT</u>

Defendant's motion to dismiss Plaintiff's complaint and to compel arbitration should be denied. Defendants' arbitration agreement is invalid and unenforceable because it constitutes an illusory contract. Defendants cannot establish adequate consideration in the arbitration agreement in questions and therefore, Plaintiff cannot be bound by the arbitration agreement.

A federal court must look to the relevant state law on the formation of contracts to determine whether there is a valid arbitration agreement under the FAA. *See, e.g., First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995); ***Blair v. Scott Specialty Gases,*** *283* **F**.**3d** *595*, **603** (**3d Cir**.**2002**). Both parties agree that Pennsylvania law shall apply. Before concluding that there is a valid contract under Pennsylvania law, the court must "look to: (1) whether both parties manifested an intention to be bound by the agreement; (2) whether the terms of the agreement are sufficiently definite to be enforced; and (3) whether there was consideration." *ATACS Corp. v. Trans World Communications, Inc.,* 155 F.3d 659, 666 (3d Cir.1998); *see also Blair,* 283 F.3d at 603; *Aircraft Guar. Corp. v. Strato–Lift, Inc.,* 103 F.Supp.2d 830, 836 (E.D.Pa.2000) ("[C]ontracts are enforceable when parties reach a mutual agreement, exchange consideration, and have set forth the terms of their bargain with sufficient definiteness to be specifically enforced."). "Consideration 'confers a benefit upon the promisor or causes a detriment to the promisee and must be an act, forbearance or return promise bargained for and given in exchange for the original promise.'" *Channel Home Ctrs. v.*

*Grossman,* 795 F.2d 291, 299 (3d Cir.1986) (quoting *Curry v. Estate of Thompson,* 481 A.2d 658, 661 (Pa.Super.Ct.1984)). Without consideration, a contract is unenforceable. *Id.* at 298–99.

Under Pennsylvania law, if the provisions of a contract are optional with the promisor, the contract is termed "illusory" and the promisee is not "justified in an expectation of performance." *Star     v.     O–I     Brockway     Glass,     Inc.,* 637     A.2d     1371 (Pa.Super.Ct.1994) (citing RESTATEMENT OF CONTRACTS § 2 cmt. e); *see also Geisinger Clinic v. Di Cuccio,* 606 A.2d 509 (1992) ("If the promise is entirely optional with the promisor, it is said to be illusory and, therefore, lacking consideration and unenforceable.").  The right to modify or rescind the contract by an employer at some future date does not automatically render a  contract  illusory. *See Blair v. Scott Specialty Gases,* 283 F.3d 595,604 (3d Cir.2002) (holding that an arbitration agreement promulgated in an employee handbook is not illusory where employer's ability to modify it were limited to future disputes after: (1) proper notification to employees, and (2) acceptance by the employee as evidenced by continuing employment).  In *Blair*, the Plaintiff relied on *Floss v. Ryan's Family Steak Houses, Inc.,* 211 F.3d 306 (6th Cir.2000). In that case, the court concluded that the arbitration agreement was illusory and unenforceable because the agreement gave the provider of the arbitration services the unlimited right to modify the arbitration rules without giving notice to the employee or gaining the employee's consent. The court held that " '[w]here a promisor retains an unlimited right to decide later the nature or extent of his performance, the promise is too indefinite for legal enforcement.' " *Id.* at 316 (quoting 1 Samuel Williston, Contracts § 43, at 140 (3d ed.1957)).

The court in *Blair* distinguished the facts in *Floss* by stating that the employee handbook at issue in the *Blair* case, limited the ability to modify the handbook to non-material changes. Further, the court reasoned that it is ***unlikely that a modification to the arbitration agreement***

***would be viewed as non-material***.  *Blair v. Scott Specialty Gases*, 283 F.3d 595, 604 (3d Cir. 2002)(emphasis added).

Defendants fail to even address Plaintiff's argument to company Defendants that the agreement lacks for consideration and is illusory.  The facts of this case can be differentiated from *Blair* where the arbitration agreement was upheld.

In the case at hand, Defendants made Plaintiff an offer for employment.  A condition of the offer of employment was executing the arbitration agreement.  However, adequate consideration did not exist for Plaintiff to be bound by the agreement.  As the court in *Blair* stated, an arbitration agreement promulgated by an employee handbook is not illusory where the employer's ability to modify it was limited to future disputes, after (1) proper notification to employees, and (2) acceptance by the employee as evidenced by continuing employment.

Plaintiff did sign the arbitration acknowledgment form, *See Ex. A*.  The signed form appears on the final page of Defendants' Employee Handbook.  *See Ex. B*, Pg. 39.  Page 39 of the employee handbook, titled "Acknowledgment and Agreement," states,

> "I also acknowledge that except for the policy of at-will employment, the Company reserves the right to revise, delete, and add to the provisions of this Employee Handbook.  All such revisions, deletions, or additions must be in writing and must be signed by the President of the Company.  No oral statements or representations can change the provisions of this Employee Handbook.  I also acknowledge that, except for the policy of at-will employment, terms and conditions of employment with the Company may be modified at the sole discretion of the Company with or without cause or notice at any time.  No implied contract concerning any employment-related decision, term of employment or condition of employment can be established by any other statement, conduct, policy, or practice."

The final section of Page 39 of the Employee Handbook, titled, "MetaSource Alternative Dispute Resolution Program," is the last paragraph and section on this page.  Here, employees

agree to be bound by the Metasource Alternative Dispute Resolution Program.  There can be no doubt that this creates an illusory contract.

The Employee Handbook specifically reserves the right for the Company to unilaterally revise, delete and add provisions to the Handbook.  The acknowledgment for the alternative dispute resolution process is mentioned and acknowledged within the handbook.  The third paragraph of Page 39 states that except for the policy of at-will employment, terms and conditions of the employment with the Company may be modified at the sole discretion of the company with or without cause or notice at any time.  That means that the Company is reserving the right to unilaterally modify the arbitration policy with or without notice.  This is specifically the issue addressed in *Blair*.  The court in *Blair* held that a contract cannot be illusory where it specifically where the employer can modify only for future disputes and where the employee is given proper notice and continues to work for the employer following such notice.  The court in *Blair* upheld the arbitration agreement because the company reserved the right to make "non-material" changes.  The court in *Blair* further reasoned that a modification to the arbitration agreement would unlikely be non-material.  Here, the company reserves the right to have the kind of unfettered unilateral discretion to modify, delete, or add to any provisions of the handbook, which include the acknowledgment and mentioned arbitration agreement.  There can be no consideration by Plaintiff's continued employment, because the company did not have to provide Plaintiff notice of any modifications according to the handbook itself.  This is precisely akin to the unfettered discretion in *Floss*, where the Sixth Circuit invalidated the arbitration agreement and determined that it constituted an illusory contract.

In the instant case, Defendants can unilaterally make changes to the arbitration policy. The changes and modifications to terms and conditions of employment do not state that they are

only for future disputes.  Further, the handbook specifically states that the employee is bound by those changes with or without notice.  Therefore, adequate consideration cannot exist.

No doubt, Defendants will argue that the MetaSource Dispute Resolution Program is detailed on a separate document from the handbook. *See Exhibit C*. However, this argument is irrelevant, as the details of the program and the binding acknowledgment are <u>within</u> the handbook, which allows Defendants to make unilateral changes to Defendants policies and conditions of employment.  This is specifically written in the third paragraph of Page 39 of the Handbook, the same page as the arbitration acknowledgment.  Certainly, if Defendants made changes to the alternative dispute resolution program, and an employee did not receive notice of the changes or modifications, Defendants would argue to the contrary that they are absolutely allowed to modify it without notice because it is stated in the handbook.  Simply put, Defendants want to have their cake and eat it too, to the detriment of the employee.

Defendants' policy provides for unilateral changes to conditions of employment, including the arbitration agreement, which is on the same page.  Defendants' policies state that the unilateral changes can be made with or without notice to the employee.  The policies are silent as to whether or not changes affect future disputes.  And, Defendants' policies state that no implied contract concerning any employment-related decision, term of employment or condition of employment can be established by any other statement, conduct, policy, or practice.  Plaintiff did not have adequate consideration even through his employment, because Defendants could single handedly modify, change, and alter conditions of employment at any time without notice to Plaintiff or any other employee.

Based on Defendants' own policies and in light of the evidence, Defendants' Arbitration Agreement constitutes an illusory contract and is therefore invalid. Based on this court's ruling

in *Blair*, and the facts of this case, Defendants Motion to Dismiss Plaintiff's Complaint and Compel Arbitration should accordingly be denied.


## IV. CONCLUSION

In conclusion, Defendants' Arbitration agreement constitutes an illusory contract. Plaintiff did not have adequate consideration when entering into the agreement given the unilateral nature of modifications allowed by Defendants.   Defendant's Motion to Dismiss Plaintiff's Complaint and to Compel Arbitration should be denied.


DATED:  November 9, 2018

DEREK SMITH LAW GROUP, PLLC


Samuel C. Wilson, Esq.
*Attorneys for Plaintiff*
1835 Market Street, Ste. 2950
Philadelphia, PA 19103
(215) 391-4790